[*General Term, October,* 1872.]

## WILLIAM HELLER v. LAZARUS MEIS.

When a negotiable promissory note, secured by mortgage on real estate, is indorsed before due, for value, to an indorsee without notice of any equities existing against the payee in favor of the maker, and the mortgage is, at the same time, assigned to the indorsee of the note, the mortgage, in the hands of the latter, is subject to equities existing prior to such assignment in favor of the mortgagor against the mortgagee; and the indorsee of the note and mortgage can only enforce the mortgage for the amount equitably due to the mortgagee from the

mortgagor, while he is entitled to a personal judgment against the maker of the note for the full amount thereof.

Where, in such case, an action was brought to foreclose the mortgage only, and the court found *the full amount of the note due*, and ordered a foreclosure of the mortgage therefor, and, upon error, such judgment was *modified* by finding only the amount equitably due *upon the mortgage* and decreeing a foreclosure therefor, and, when, after the cause had been remanded, the plaintiff, by leave of the court, filed a supplemental petition, asking for a personal judgment for the balance due upon the note, upon which supplemental petition the defendant took issue by answer, and upon which issue judgment was rendered against him, personally, for such balance, the judgment so rendered will not be reversed upon petition in error.

*A. J. Pruden*, for plaintiff in error.

*Long & Kramer*, for defendant in error.

YAPLE, J. The defendant in error, Meis, was the indorsee and holder for value, without notice of any equities existing against the same, of a negotiable promissory note for $1,750, made by Heller, payable to the order of one John J. Weiler, which note was secured by a mortgage on real estate then owned by Heller. Meis brought suit in this court against Heller and other parties to foreclose the mortgage for the entire sum due on the note. In his petition he did not ask for a personal judgment, but only that the amount due him might be found by the court, and the mortgaged premises ordered to be sold to satisfy that amount. The note and mortgage were given by Heller to secure part of the purchase money of the land which he had purchased from the payee and indorser of the note, Weiler. To that petition, Heller filed an answer and cross-petition, averring an equity against Weiler, his vendor, to the amount of $586.36, which he asked to be allowed as against Meis, Weiler's indorsee and assignee of the mortgage.

At the trial in Special Term, the court refused the set-off; found that the entire amount was due to Meis from Heller *upon the note;* gave a personal judgment for it, and

granted an order of sale of the mortgaged premises to satisfy the judgment.

Heller then brought the case before the General Term upon error, where the court found that there was error in the judgment below; that there was in equity due Meis from Heller, *on the mortgage,* the amount of the note less the amount of such set off, and the judgment below was *modified* accordingly, and the mortgaged premises ordered to be sold only for the sum of $1,419.58, interest and costs. The report of the case, containing a full statement of the facts, will be found in *Heller* v. *Meis et al.,* 1 Superior Court Reporter, 447.

The decision there made was based upon that of *Bailey* v. *Smith,* 14 Ohio St. 396, which holds that a mortgage securing a negotiable promissory note, indorsed before due to an innocent holder for value, is not thereby so assigned as to preclude the mortgagor from setting up against the assignee any equities he may have against the mortgagee, and which existed prior to the assignment, so far as such mortgage may be concerned; and that such a mortgage, securing such an indorsed promissory note, can only be enforced by the assignee to the extent that the mortgagee could have enforced it.

Heller paid off the amount found due in General Term upon the mortgage, and took a receipt therefor. The receipt was simply given for the amount found due in General Term, and did not say anything further.

Therefore, Meis, by leave of the court, filed, in Special Term, a supplemental petition, asking to recover personally against Heller the balance due upon the note so indorsed to him before it became due. To this Heller pleaded the judgment in General Term, and his payment of that judgment, as a full bar to Meis' further recovery. He also denied that there was anything due to the plaintiff upon the note. A trial was had, and judgment was rendered for Meis for the balance claimed by him as due upon the note.

Heller now brings the case here again, upon error, to re-

verse that judgment.    He claims that the judgment in General Term was conclusive upon the whole merits; covered the amount due from him to Meis upon both note and mortgage, and, if erroneous, Meis' remedy was by petition in error to the Supreme Court, and not in this court in Special Term.

The law is settled in this State, that such an indorsee of such a promissory note is entitled to recover the amount of the same in full from the maker, whatever rights of deduction the latter may have as against the original payee and indorser; but if such note be secured by mortgage, which mortgage is also assigned with the note, the mortgage is subject, in the hands of the indorsee of the note, to all equities of the mortgagor against the mortgagee existing prior to the assignment.    A decree of foreclosure can only be had for the amount equitably due; the residue of the amount due on the note can only be collected by means of a personal judgment against the maker.    Such were Meis' legal rights and remedies against Heller.    Now, we think the legal effect of the proceedings had in General Term was only to *modify*, not reverse, the proceedings at Special Term.    The latter, in effect, found that the whole amount was due upon both note and mortgage, while the General Term found that the mortgage was only enforcible for a less, and specified sum.    This left the amount found due upon the note in Special Term unaffected.    It is true the Special Term rendered a personal judgment against Heller for this amount, which was, perhaps, error, as the petition contained no prayer for such judgment.    It is true, too, that Meis might have had execution awarded him for this balance after his mortgage security had been exhausted, or that, on his motion, the General or Special Term, either, would have permitted him, at once, and without working any delay, to have amended the prayer of his petition, so as to ask for such personal judgment upon the note.    See *Draper* v. *Moore*, 2 Superior Court Reporter, 167.    It is true the supplemental petition may have been unnecessary to enable Meis to obtain

the remedy he sought; but no motion was made to strike it from the files, and issue by answer was taken, and a trial had upon it.   So the error, if error there was, or the irregularity of this part of the proceedings, did not prejudice Heller.

" The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party ; and no judgment shall be reversed or affected by reason of such error or defect."   Code, sec. 138.

It is obvious that, upon the whole case, and by all these proceedings, Meis has recovered from Heller only what he became legally entitled to recover by the indorsement of the note to him.

The judgment will be affirmed with costs; but we find that there was reasonable ground for these proceedings in error, and no penalty will be awarded.